**UNITED STATES of America**

**v.**

**Maria C. "Robin" DOWDY.**

**Crim. A. No. 77–19(L).**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 26, 1977.

---

Robert Amidon, Asst. U. S. Atty., Roanoke, Va., for U. S.

Sol Z. Rosen, Arlington, Va., for defendant Dowdy.

## OPINION and JUDGMENT

DALTON, District Judge.

The Government moves this court to quash a subpoena caused to be issued by defendant, Maria C. "Robin" Dowdy, which would require United States District Court Judge Glen M. Williams to appear as a witness in her pending trial for making false statements before a grand jury. 18 U.S.C. § 1623. Two weeks prior to defendant's appearance before the grand jury, she was questioned by Judge Williams in regard to a government motion to disqualify, on the basis of conflict of interest, attorneys Joseph Whitehead and Sol Z. Rosen from representing several clients called to testify before the grand jury in the same matter. At this hearing Judge Williams cited Mrs. Dowdy for contempt on grounds that she improperly invoked her fifth

amendment privilege in refusing to answer questions and on the basis of her attitude and demeanor. Defendant was not sentenced at this time, so as to allow her to obtain new counsel after Whitehead and Rosen, who had been representing her, had been disqualified. On April 26, 1977 defendant appeared with Mr. Cunningham as counsel. She was originally given a nine month sentence for contempt by Judge Williams. Immediately after sentencing, defendant gave the testimony before the grand jury for which she was later indicted under 18 U.S.C. § 1623. Later that same day, after hearing from Mr. Cunningham and defendant's husband as to defendant's psychiatric problems, Judge Williams suspended all but two days of the contempt sentence. Defendant claims that Judge Williams' actions in this matter coerced her into testifying and relinquishing her Fifth Amendment privilege against self-incrimination before the grand jury, thus providing her with a defense to the charge of making false statements before a grand jury. It is in regard to this alleged defense that Mrs. Dowdy states Judge Williams' testimony will be necessary at her trial.

■ While a judge enjoys no special privilege from being subpoenaed as a witness, it is imperative when he is called to testify as to action taken in his judicial capacity, to carefully scrutinize the grounds set forth for requiring his testimony. Should a judge be vulnerable to subpoena as to the basis of every action taken by him, the judiciary would be open to "frivolous attacks upon its dignity and integrity, and . . . interruption of its ordinary and proper functioning." *U. S. v. Valenti*, 120 F.Supp. 80 (D.N. J.1954). See also *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512 (4th Cir. 1974). The Supreme Court recognized this need to prevent disruption of the judicial process in *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1940), which held it error for a District Court to compel the Secretary of Agriculture to testify as to the manner in which he reached his decision, although the record was regular on its face. The Court compared the proceeding before the Secretary to one before a judge and stated that an examination into the mental processes of a judge would be destructive of judicial responsibility and thus, should not be permitted. *Id.* at 422, 61 S.Ct. 999. Later, in *Citizens To Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the court indicated that such an examination of an administrative decision-maker would be permitted, where administrative findings existed, only with a strong showing of bad faith or improper behavior. Following this principle, courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances. *South Terminal Corp. v. EPA*, 504 F.2d 646 (1st Cir. 1974); *KFC Nat'l Mfg. Corp. v. NLRB*, 497 F.2d 298 (2d Cir. 1974), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 879, 47 L.Ed.2d 98 (1976); *Montrose Chemical Corp. v. Train*, 491 F.2d 63, 160 U.S.App.D.C. 270 (D.C. Cir. 1974).

■ To show extraordinary circumstances a presumption as to the regularity of the acts of public officials must first be overcome. *Beverly v. U. S.*, 468 F.2d 732, 743 (5th Cir. 1972). As the Supreme Court stated in *U. S. v. Morgan, supra* at 421, 61 S.Ct. at 1004:

> [Judges] are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances. Nothing in this record disturbs such an assumption.

Thus, if the record reflects appropriate grounds for the judge's actions, an examination into the mental processes of the judge will not be allowed. *South Terminal Corp. v. EPA, supra; SEC v. Bartlett*, 422 F.2d 475 (8th Cir. 1974).

■ Defendant here questions Judge Williams' exercise of the contempt power. The judge's order specifically states that the finding of contempt was predicated on defendant's improper invocation of her privilege against self-incrimination. Furthermore, the transcript of the hearing at which Mrs. Dowdy was cited shows that

Judge Williams warned defendant that refusal to answer proper questions on grounds that it would incriminate her could result in a contempt citation. Such conduct does indeed justify a finding of contempt, *Weinberg v. U. S.*, 65 F.2d 394 (2d Cir.), *cert. denied*, 290 U.S. 675, 54 S.Ct. 93, 78 L.Ed. 583 (1933), if the witness cannot satisfy the judge that there is a reasonable ground to apprehend danger to the witness from being compelled to answer. *U. S. v. Mandujano*, 425 U.S. 564, 574, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). The record, therefore, shows appropriate grounds for Judge Williams' action and, defendant having failed to show any extraordinary circumstances, examination into the judge's decision-making process will not be allowed.

█ Furthermore, an additional ground exists for not allowing an oral examination of the judge in this matter. Defendant would attempt to set up by such examination a defense of judicial coercion to the charge of making false statements before a grand jury. In several recent cases, the Supreme Court has emphatically stated that a witness before a grand jury may either tell the truth or challenge the right of the government to ask a particular question but may not, in any circumstances, choose perjury as an alternative. *U. S. v. Mandujano*, 425 U.S. 564, 577, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976), stated that sanctions for false statements have been allowed even in the face of a claim that the Government had exceeded its constitutional powers in making the inquiry. Additionally, in *U. S. v. Washington*, 431 U.S. 181, 97 S.Ct. 1814, 1819, 52 L.Ed.2d 238 (1977), it was held that warnings as to Fifth Amendment privileges given prior to a witness' grand jury testimony would eliminate any possible claim of compulsion. See also *U. S. v. Wong*, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977). The United States Circuit Court of Appeals for the Eighth Circuit has held that duress does not justify a witness in testifying falsely before a grand jury. Even though a witness testified under a rule of the Chicago police requiring him to give evidence before a grand jury which was later held unconstitutional as a denial of the privilege against self-incrimination, a conviction for making a false declaration before a grand jury was allowed to stand. *U. S. v. Nickels*, 502 F.2d 1173 (7th Cir. 1974), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2237, 48 L.Ed.2d 837 (1976).

In the present case, defendant's rights were thoroughly explained to her before her grand jury testimony began. Thus, under the holdings of the cases cited above, compulsion or duress brought on by the contempt order would be an invalid defense. The judge's testimony concerning the circumstances of the contempt order would be irrelevant as to the charge of making a false declaration before a grand jury, and the subpoena may be quashed. *Gajewski v. U. S.*, 321 F.2d 261 (8th Cir.), *cert. denied*, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1963); *U. S. v. Doolittle*, 341 F.Supp. 163 (M.D.Ga.1972).