In the Matter of Robert DUNLAP and Grace Dunlap, Debtors.

Carol ROYCE, Plaintiff,

v.

Robert DUNLAP, Defendant.

Bankruptcy No. 81–02260–SJ.

Adv. No. 81–1578–SJ.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Nov. 16, 1981.

Grace Day, St. Joseph, Mo., for plaintiff.

John Warren, St. Joseph, Mo., for defendant.

**FINAL JUDGMENT GRANTING PLAINTIFF'S COMPLAINT FOR RELIEF FROM THE AUTOMATIC STAY**

DENNIS J. STEWART, Bankruptcy Judge.

The court set this matter for hearing in St. Joseph, Missouri, on October 19, 1981. The parties then appeared before the court by respective counsel and were granted an

opportunity to offer evidence. Both counsel declined the opportunity. Counsel for the plaintiff stated that there were no factual issues to be resolved by the court of bankruptcy and that the legal issue to be resolved was whether the court of bankruptcy should grant relief from the automatic stay to permit a former spouse of the debtor to enforce an order of a state court dividing the marital property in connection with dissolution of a former marriage to the debtor.

Accordingly, the parties were granted an opportunity to file briefs on the legal issue and have now done so. Despite a prior disavowal by the parties to the effect that the issue of dischargeability *vel non* is not involved in this action and that evidence is not therefore necessary, the briefs nevertheless focus on that issue and, further, advert to facts which are believed to be material but are not in evidence.

This court, however, must adhere to the legal question which has explicitly been placed before it. While the automatic stay under the new Bankruptcy Code purports to restrain and enjoin "any act to obtain possession . . . of property from the estate" of the debtor or to obtain any property of the debtor, it has long been held that it is proper to grant relief from the automatic stay for the purpose of compelling the return of property to another which has been determined prior to the bankruptcy proceedings not to constitute part of the bankruptcy estate or property of the debtor. See 1A Collier on Bankruptcy ¶ 11.04 (1976). While it would not be consonant with the spirit of the bankruptcy laws to grant such relief from the stay with respect to a dischargeable debt or money which might be payable toward the extinguishment of that debt, it remains proper to grant relief from the stay so that a person may undertake the legal process necessary to obtain the return of property previously determined to be his or her own property from the current possession of the debtor. In fact, the plaintiff, for this same purpose might well have filed a complaint for reclamation in this court, which then might have enforced any award of reclamation which the facts proved to be

appropriate under the provisions of § 727 of the Bankruptcy Code. But it cannot be said that the state dissolution court is not a proper court to enforce its own award. It is therefore, accordingly,

ADJUDGED that the plaintiff's complaint for relief from the stay be, and it is hereby, granted.