In the Matter of Richard Earl
UNDERWOOD, Debtor.

Wanda UNDERWOOD, Plaintiff,

v.

Richard Earl UNDERWOOD, Defendant.

Bankruptcy No. 81–01324–SW.
Adv. No. 81–1370–SW.

United States District Court,
W. D. Missouri,
Southwestern Division.

Nov. 20, 1981.

David W. Kinnard, Joplin, Mo., for plaintiff.

Nicholas Swischer, Nevada, Mo., for defendant.

## ORDER DIRECTING DEFENDANT TO SHOW CAUSE IN WRITING WHY HE SHOULD NOT BE REQUIRED, AS A MATTER PREREQUISITE TO HIS DISCHARGE IN BANKRUPTCY, TO TURN OVER PROPERTY TO THE PLAINTIFF IN ACCORDANCE WITH THE TERMS OF THE STATE COURT DISSOLUTION DECREE

DENNIS J. STEWART, Bankruptcy Judge.

By means of its prior order of October 14, 1981, this court established December 4, 1981, as the date for the trial of this action. In the course of the week of November 9, 1981, counsel for the defendant telephoned the court to state that he could not attend the trial on that date, due to his being scheduled to be out of the state for a period of time which encompassed the date of December 4, 1981. But it was his opinion that the case might be amenable of determination on the basis of the files and records herein or else that, at the option of counsel for the plaintiff, it might be tried on one of the dates November 23, 24, or 25, 1981. Thereupon the court endeavored to determine from counsel for the plaintiff whether the case might be tried on one of those dates and, if not, whether the case might be amenable of decision on the basis of the contents of the files and records. Counsel for the plaintiff, however, has orally responded that he is unable to attend a trial on the dates of November 23, 24, or 25, 1981, and that it is his intention to produce the state trial judge who entered the decree of dissolution to testify as to his intent in respect of its material provisions.

But, a decision made by another division of this court has held that, on the issue of the dischargeability *vel non* of an award of a state dissolution court, the testimony of the state judge is inadmissible. *In re Norman*, 12 B.R. 512, 514 (Bkrtcy.W.D. Mo.1981) ("(T)he conclusions of the State trial court are not controlling on the issue of dischargeability and the judge therefore should not be asked to second guess his decision."). When, therefore, the only evidence which the plaintiff now offers to present would be inadmissible evidence and when the defendant's counsel has stated to the court that resolution of the issues on the basis of the record before the court is permissible, it appears possible to determine this matter without holding the trial which was heretofore scheduled for December 4, 1981.

As pertinent to the resolution, the files and records in this case show that, on February 6, 1981, the Circuit Court of Vernon County, Missouri, issued its judgment decree in the case of *Wanda Underwood v. Richard Underwood*, Case No. CV-7-80-96DR, in which, *inter alia*, the following material provisions were included: (1) "The Petitioner is awarded a lump sum payment of $5,000.00 as her share of the equity in the properties which have been set over to respondent, said payment to be made within 90 days of the court order" and (2) "It is further ordered that in the event the $5,000 lump sum payment is not made within 90 days that the marital property and the land where the mobile home sets and all contents of the mobile home and equipment is to be sold and the proceeds applied first to the secured debts against the property sold and any open accounts at Sears and the net from the proceeds to pay $5,000.00 to the petitioner and the balance thereof to be divided equally between the petitioner and respondent." The decree accordingly sets over to respondent property which is described as the "marital" property, including a 1979 Marshfield mobile home, a quarter of land, a 1979 Ford Fiesta vehicle, a lawn tractor and equipment, personal property purchased from Sears (including an electric dryer, rotor television antenna, two CB radios, two cassette tape recorders and personal clothing).

Within the 90-day period which the state court fixed for performance of this property settlement, the defendant filed his petition for relief under title 11 of the United States Code and now opposes the plaintiff's

complaint asserting that the indebtedness is nondischargeable on the grounds that the obligations do not represent maintenance or alimony but rather a "contractual settlement of properties jointly titled to husband and wife." Therefore, it is contended, a decree of nondischargeability under the provisions of section 523(a)(5) of the Bankruptcy Code is inappropriate.

It must be agreed, according to the record before the court that the award made in favor of the plaintiff appears to have been a property settlement. And, as opposed to awards of alimony, support, or maintenance, a division of property is dischargeable in bankruptcy. *In re Norman, supra,* at 513; Legislative History under section 523(a)(5) of the Bankruptcy Code.

Should the court, however, hold that the discharge in bankruptcy frustrates the state dissolution court's attempts to make an equitable distribution of property between parties to a proceeding before it? For that is the relief which, it appears, the defendant now requests from this court—a discharge in bankruptcy which, in effect, would hold that, because a division of property creates a dischargeable liability, he is immune by reason of the bankruptcy from turning over to the plaintiff the proceeds of the marital property in accordance with the order of the state dissolution court.

A discharge in bankruptcy, however, does not give the debtor the right to withhold specific property from its true owner. *Royce v. Dunlap,* 15 B.R. 737 (Bkrtcy.W.D.Mo.1981). Even if a liquid sum of a debt might be declared to be dischargeable in bankruptcy, the bankruptcy courts have never held that the debtor may, consistent with his discharge, withhold specific property from its true owner, or the proceeds of its disposition. Thus, regardless of the issue of dischargeability *vel non,* a bankruptcy court, in a matter such as that at bar, may treat the offended property owner's complaint as one sounding in reclamation or for relief from the stay. *Personal Finance Co. v. Kink,* 15 B.R. 701 (Bkrtcy. W.D.Mo.1981). This is particularly so when the debtor continues to hold the property contrary to the demands of the owner of it or its proceeds. *Personal Finance Co. v. Kink,* Adversary Action No. 81–0757–3 (W.D.Mo.Bkrtcy. Oct. 9, 1981). No provision of the law of bankruptcy entitles the debtor, or his trustee in bankruptcy, to withhold specific property owned by another from the true owner under a claim that the liability represented thereby is a dischargeable liability. If dischargeability is insisted to be the issue, then, if the circumstances are as appear to be described by the files and records in this case, the debt created by the withholding of specific property in the face of a demand for the production of it or its proceeds would have to be regarded as nondischargeable as "willful and malicious injury to property" within the meaning of section 523(a)(6) of the Bankruptcy Code.

It is therefore, for the foregoing reasons,

ORDERED that the trial of this action, previously fixed for December 4, 1981, in Joplin, Missouri, be, and it is hereby, cancelled. It is further

ORDERED that the defendant show cause in writing within 25 days why he should not be required to turn over proceeds of sale of the property to the plaintiff in accordance with the terms of the state court dissolution decree, as a prerequisite to his discharge in bankruptcy.