**UNITED STATES of America, Plaintiff,**

v.

**William Joseph HARVEY, et al., Defendants.**

**No. 82–73–Cr–SMA.**

United States District Court, S. D. Florida, Miami Division.

Aug. 9, 1982.

Stanley Marcus, U. S. Atty., S. D. Fla., by Neil Karadbil, Asst. U. S. Atty., Miami, Fla., for plaintiff.

James Jay Hogan, Miami, Fla., for defendant Wm. Joseph Harvey.

John F. Evans, Miami, Fla., for Hon. Eugene P. Spellman.

## ORDER GRANTING MOTION TO QUASH SUBPOENA FOR TESTIMONY SERVED ON THE HONORABLE EUGENE P. SPELLMAN

ARONOVITZ, District Judge.

THIS CAUSE comes before the Court upon United States District Judge Eugene P. Spellman's Motion to Quash Subpoena for Testimony Served on United States District Judge Eugene P. Spellman. Judge Spellman requests the Court, pursuant to Rule 17 Fed.R.Cr.P., to quash a subpoena for testimony served on him on behalf of Defendant William Joseph Harvey. The subpoena commands Judge Spellman to appear and testify as a witness in court on August 10, 1982, at pretrial hearings in the above-styled cause regarding Judge Spellman's authorization of electronic surveillance of the Delray Towing Service, Incorporated. The subpoena was prompted by the finding when the Title III original papers were unsealed that page 21c of an affidavit supporting the Title III applications was missing therefrom; and Defendant Harvey, in his Response to the Motion to Quash, says that he needs Judge Spellman's testimony regarding oral communications which purportedly took place between the Judge, FBI Agents Copus and Conger, and Assistant U.S. Attorney Gillman. However, Judge Spellman has submitted an affidavit which sets forth the basis for his decision to sign the written authorization orders of October 20, 1980, October 22, 1980 and November 20, 1980. Judge Spellman states in that affidavit that he did not receive any information orally upon which he based his decision to enter the said orders, stating therein:

4. Since receiving the subpoena to testify in a hearing on August 10, 1982 I have reviewed fully each and every document contained in the envelope which I sealed on October 22, 1980.

5. The order authorizing electronic surveillance of the Delray Towing Service, Incorporated which is contained in the sealed envelope is the order signed by me on October 20, 1980. The order in the same sealed envelope signed by me at 9:30 a. m. on October 22, 1980 is the same order which I signed on that date *nunc pro tunc* to 9:08 a. m., October 20, 1980. My written orders dated October 20, 1980 and October 22, 1980 were based only upon the written application of Mr. Gillman and affidavits and other papers submitted to me which are found in the sealed envelope. I did not receive any information orally upon which I based my decision to enter the orders dated October 20, 1980 and October 22, 1980. My decision to enter these orders authorizing surveillance at the Delray Towing Service, Incorporated was based entirely upon the information contained in the papers submitted to me which, as I have indicated above, are contained in the envelope sealed by me on October 22, 1980.

\* \* \* \* \* \*

8. .... I did not receive any information orally upon which I relied for any of my actions which is not reflected in the various papers which are under seal in this case. What I did and ordered to be done has always been in writing in the

orders which I have entered and which are part of the record.

Clearly, Judge Spellman's affidavit furnishes an explicit answer to the factual inquiry. He states that he authorized electronic surveillance *only* on the basis of information contained in the affidavits submitted to him; that he did not base his decision on the information in page 21c.

*United States v. Falcone,* 364 F.Supp. 877, 895 (D.N.J.1973), *aff'd* 500 F.2d 1401 (3rd Cir. 1974), addresses a federal criminal defendant's right to subpoena a judge who authorized electronic surveillance to testify at a pre-trial hearing on a motion to suppress the evidentiary product of that electronic surveillance. In holding that such a judge is not subject to call by a defendant when he has stated on the record that all information upon which he relied is in the record, Judge Lacey explained that there would be no reason for oral testimony under these circumstances, stating:

> [D]efendants' position is that every district judge who signs a Title III Order must thereafter be subject to call by defendants to give testimony as to his supervision of the agents in their carrying out of his Order. Thus, they requested me to testify in this case. I refused to do so since I saw no reason to do so. I did, however, state that which certain testimony confirmed: that my orders were based only on the written applications and affidavits, judged in the light of the statutory mandate. My Orders required 5-day reports be submitted in writing and they were. I stated at the hearing I did not receive any information orally and that what I did—and Ordered to be done—was in writing in the Orders hereinabove mentioned.

The mental processes of a judge are not the proper subject of compelled testimony. *U.S. v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941); *Matter of Randall,* 640 F.2d 898, 902 (8th Cir. 1981). Judge Spellman's affidavit exceeds the amount of information concerning a judge's mental process to which the defendant is entitled. *U.S. v. Falcone, supra* and *U.S. v. Morgan, supra.*

Absent extreme and extraordinary circumstances, clearly lacking here, courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions. *United States v. Dowdy,* 440 F.Supp. 894 (W.D.Va.1977), and cases cited therein.

Accordingly, the Court having considered the Motion to Quash Subpoena, the affidavit of Judge Spellman, and memorandum of law, the Defendant Harvey and Plaintiff's responses thereto, the applicable law and the record herein, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Judge Eugene P. Spellman's Motion to Quash Subpoena for Testimony Served on United States District Judge Eugene P. Spellman be, and the same is, hereby GRANTED.