Thomas-HM v. Hon Walker 















IN THE
TENTH COURT OF APPEALS
 
No. 10-93-083-CV

HUBERT MICHAEL THOMAS,
                                                                                              Relator
v.

HONORABLE DAVID WALKER, JUDGE PRESIDING, 
77TH DISTRICT COURT, LIMESTONE COUNTY, 
TEXAS, 
                                                                                              Respondent
 
No. 10-93-084-CV

HUBERT MICHAEL THOMAS,
                                                                                              Relator
v.

HONORABLE H.D. BLACK, JUDGE, 77TH DISTRICT
COURT, LIMESTONE COUNTY, TEXAS,                             Respondent
 

Original Proceeding
                                                                                                    

O P I N I O N
                                                                                                    

      This opinion encompasses two petitions for writ of mandamus filed by Relator Michael
Thomas against the Honorable Judge H. Dickson Black, the presiding judge of the 77th District
Court, Limestone County, and against the Honorable Judge David Walker, who was assigned to
hear Relator's motion to recuse Judge Black and the motion to quash the subpoenas duces tecum
directed to Judge Black and his wife. Because we find that Relator has failed to show that Judge
Walker clearly abused his discretion in either quashing the subpoenas or denying the motion to
recuse, and that he has an adequate remedy by appeal from the denial of his motion to recuse, we
will deny both petitions.
FACTUAL BACKGROUND
      These cases have arisen out of what began as divorce proceedings filed in 1989 in the 77th
District Court between Relator and party-in-interest Diana Jane Thomas. Judge Black presided
in the original divorce proceedings. He retains continuing jurisdiction over all subsequent
proceedings arising from the divorce, involving modification of child support and enforcement of
the property award contained in the divorce decree, as well as Diana Thomas' suit to enforce the
alimony contract incident to the divorce in which she obtained a judgment in December 1992. 
After her judgment against Relator for contractual alimony became final, Diana Thomas filed an
Application for Turnover Order. Judge Black granted her ex parte order for temporary relief
based on a verified application and set the application for turnover for a hearing on May 20, 1993. 
Relator then filed a verified motion to recuse Judge Black on the grounds that his impartiality
could reasonably be questioned. Relator initially "noticed" Judge Black and his wife for
depositions to elicit testimony to support his recusal motion; however, Relator withdrew his
deposition notice and caused subpoenas duces tecum to be issued to compel Judge and Mrs.
Black's testimony at the hearing on the motion to recuse. Judge Walker, after a hearing, quashed
the subpoenas duces tecum and also denied Relator's motion to recuse.
RELATOR'S CONTENTIONS 
       Relator seeks from this court extraordinary relief to enjoin additional proceedings stemming
from the application for a turnover order and to enjoin Judge Black from presiding over further
proceedings related to the underlying suits. Relator alleges in his petition for writ of mandamus
against Judge Black that the judge's obligation under Rule 18a to voluntarily recuse himself was
mandatory because of what Relator describes as the "appearance of partiality" supposedly
evidenced by violations of the Code of Judicial Conduct resulting from Judge Black's alleged ex
parte communications with opposing counsel and her client. See Texas Supreme Court, Code
of Judicial Conduct, Canons 2 & 3(A)(5)(1993); Tex. R. Civ. P. 18b(2)(a), (b). Relator also
seeks mandamus relief against Judge Black to withdraw his May 20 order granting turnover relief
primarily because it is void due to having been granted without notice to Relator.
      Relator likewise asks this court to issue a writ of mandamus directing Judge Walker to vacate
his June 18 order quashing the subpoenas duces tecum of Judge Black and his wife so as to allow
Relator "to discover relevant testimony." He further requests that Judge Walker be ordered to
vacate his order denying Relator's motion to recuse Judge Black. 
DISPOSITION
      Rule 18a(f) of the Rules of Civil Procedure clearly states that, if a motion to recuse is denied,
the judge's ruling "may be reviewed for abuse of discretion on appeal from the final judgment." 
Tex. R. Civ. P. 18a(f). It is fundamental that Relator, to show himself entitled to mandamus
relief, must establish the lack of an adequate appellate remedy. See Walker v. Packer, 827 S.W.2d
833, 840-43 (Tex. 1992); Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989). 
Mandamus is not available when Relator has "a clear and adequate remedy at law, such as a
normal appeal." Transamerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 919 (Tex. 1991);
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984). Moreover, Rule 18a(f) specifically states that
the standard of review from Judge Walker's denial of the recusal motion is an abuse of discretion
on appeal. Tex. R. Civ. P. 18a(f)(emphasis added); McClellan v. State, 701 S.W.2d 671, 675-76
(Tex. App.—Austin, 1985), cert. denied, 484 U.S. 1074, 108 S.Ct. 1048 (1988).
      The denial of the motion to recuse was within Judge Walker's discretion, and Relator has
failed to demonstrate a clear abuse of that discretion. See Walker, 827 S.W.2d at 839; Grider v.
The Boston Co., Inc., 773 S.W.2d 338, 346 (Tex. App.—Dallas, 1989, writ denied). In addition,
the record before us reflects that at the hearing on the motion to recuse, Judge Walker took judicial
notice of "all matters in the file." Because the record on appeal is incomplete, in that it does not
include the entire file, we must presume that anything omitted from the record before us supports
the challenged ruling. See Schaum v. State, 833 S.W.2d 644, 648 (Tex. App.—Dallas 1992, no
writ). Judge Black fully complied with Rule 18a(c) upon Relator's filing of the motion to recuse
by requesting the presiding judge of the administrative district to assign a judge to hear the motion. 
See Tex. R. Civ. P. 18a(c). Contrary to Relator's claim, Judge Black did not abuse his discretion
in remaining on the case and has no mandatory legal duty to voluntarily recuse himself in response
to Relator's filing of the motion. See id. 
      Regarding Judge Walker's ruling quashing the subpoenas duces tecum secured by Relator to
obtain Judge Black's testimony and that of his wife at the recusal hearing, no abuse of discretion
on Judge Walker's part has been shown. See Flores v. Fourth Court of Appeals, 777 S.W.2d 38,
41 (Tex. 1989); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). The
questions Relator would have posed to Judge Black, as read into the record at the recusal hearing,
and the ex parte communications which Relator contends have occurred between Judge Black and
the opposition, involved facts that could have been substantiated in ways other than the direct
examination of Judge Black and his wife. Furthermore, the letter and transcripts of which Relator
complains have been included in the record and speak for themselves.
      More importantly, the decisions of judges are afforded strong protection by the "mental
processes rule." United States v. Morgan, 313 U.S. 409, 421, 61 S.Ct. 999, 85 L.Ed. 1429
(1940). Otherwise, if judges were constantly subjected to the threat of being subpoenaed to
explain their reasoning behind every decision, every judicial act would be subject to the second-guessing of the trial court's integrity. Courts have refused to issue subpoenas for the testimony
of judges in all but the "most extreme and extraordinary circumstances." Gary v. State of
Louisiana, Dept. of Health and Human Resources, 861 F. 2d 1366, 1368 (5th Cir. 1988) (quoting
U.S. v. Dowdy, 440 F. Supp. 894, 896 (W.D. Va. 1977)). We do not face such circumstances
here. Absent a threshold showing of improper conduct by a judge, "an inquiry into his mental
processes in arriving at his decision would be improper and would threaten the foundation of an
honorable and independent judiciary." See Tate v. State, 834 S.W.2d 566, 569 (Tex.
App.—Houston [1st Dist.] 1992, writ ref'd). Relator has not made the necessary threshold
showing. Finally, because Relator withdrew his notice for deposition, he cannot now claim to
seek relief from a discovery ruling and therefore has an adequate remedy by appeal. Compare
Walker, 827 S.W.2d at 843.
      For the foregoing reasons, we deny Relator's petitions for writ of mandamus. This court's
prior order for temporary relief staying all further proceedings below in cause numbers 22-100-A
and 23,090-A is hereby withdrawn.
                                                                                PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Petitions for mandamus denied
Opinion delivered and filed July 14, 1993
Do not publish Released for publication August 25, 1993. Tex. R. App. P. 90(c)