**Colie BEAM, et al.**

v.

**The DEPARTMENT OF the AIR FORCE, et al.**

**Civil No. AW–96–280.**

United States District Court,
D. Maryland,
Southern Division.

Oct. 15, 1996.

Rachel C. Evans, Washington, DC; Alison Ruttenberg, and Denis H. Mark, Denver, CO, for plaintiffs.

Lynne A. Battaglia, United States Attorney, and Kaye A. Allison, Assistant United

States Attorney, Baltimore, MD; Frank W. Hunger, Assistant Attorney General, Washington, DC, Arthur R. Goldberg, and Pamela J. Aronson, of Washington, DC; and (of counsel) Captain Vicki Weekes, Arlington, VA, for defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

### I. BACKGROUND.

Before the Court is a Motion To Quash Subpoena filed by Magistrate Judge James E. Kenkel of the United States District Court for the District Of Maryland, who on June 4, 1996, was served a subpoena for a Deposition upon Written Questions pursuant to Fed.R.Civ.P. 31(a)(1). Plaintiffs, Master Sergeant Lawson, an active duty Air Force officer, and her parents, Colie and Kathleen Beam, commenced this suit against the Defendants, The Department of Air Force and The Department of Justice, for declarative and injunctive relief, damages, and attorney fees. Plaintiffs contend that the Defendants violated the Right to Financial Privacy Act ("RFPA") in obtaining certain of their financial records. Apparently, the Air Force has made use of at least some of these records in connection with a court martial of Sergeant Lawson. The Court previously denied Plaintiffs' Motion for a Temporary Restraining Order following a hearing held on March 18, 1996.

The present motion To Quash Subpoena filed by Magistrate Judge James E. Kenkel, a non-party to this action, was precipitated by Plaintiffs' attempt under Rule 31 to seek discovery of what Magistrate Judge Kenkel remembers being told by various Air Force witnesses during the presentation of applications [and affidavits in support thereof] for seizure warrants which Magistrate Judge Kenkel subsequently issued. Plaintiffs also seek discovery of what Magistrate Judge Kenkel remembers about a conversation he (Judge Kenkel) had regarding the applications for seizure warrants with a Major Gilbert Andia, Trial Counsel in the application for the seizure warrants under the caption of *United States v. Lawson.* The Plaintiffs have opposed the Motion to Quash, and seek a Motion To Compel Judge Kenkel to provide the deposition answers to the propounded questions. The matter is ripe for resolution. Having reviewed the entire record, including the submissions and arguments by both the Plaintiffs and Judge Kenkel on this issue, the Court will, for reasons hereinafter stated, grant Magistrate Kenkel's Motion to Quash, and deny Plaintiffs Motion To Compel the Rule 31 deposition of Judge Kenkel.

### II. DISCUSSION.

Although judicial officials do not enjoy immunity from subpoena and can be subjected to discovery requests, it is clear that such officials while performing their decision-making processes are not generally subject to discovery. *McGoldrick, et al. v. Koch, et al.,* 110 F.R.D. 153, 155 (S.D.N.Y. 1986). Should a judge be called to give testimony relative to actions taken in his judicial capacity, circumspection and careful scrutiny of the grounds for such testimony is essential. *United States v. Dowdy,* 440 F.Supp. 894, 895 (W.D.Va.1977). There are strong and cogent reasons for such caution. In order not to disrupt the smooth functioning of the judicial process and to assure the dignity and integrity of the judiciary, officials should normally not be subject to depositions where they are performing in their judicial role. *Dowdy,* 440 F.Supp. 894 at 895. Moreover, there is an abundance of authority supporting the well recognized principle that absent exceptional circumstances, there shall not be an inquiry into the mental and thought processes of decision makers. See generally *Gary W., etc., et al. v. The State Of Louisiana, Dep't Of Health And Human Resources,* 861 F.2d 1366, 1369 (5th Cir.1988); and *Standard Packaging Corporation v. Curwood, Inc.,* 365 F.Supp. 134, 135 (N.D.Ill. 1973). In many instances, the party seeking the discovery has access to the sought after information through alternative sources. In other instances, the information is cumulative, unnecessary, or does not lead to the discovery of admissible evidence. Unless there is an adequate showing that the information sought is specifically and pointedly essential to the case of the party seeking to inquire, discovery should not be allowed.

 Subjecting a Magistrate Judge to a deposition requiring his testimony on matters in connection with his decision to issue a seizure warrant, seemingly falls within the proscription against serving and enforcing discovery requests on judicial officials in connection with their judicial performance except where essential and clearly necessary. The motion or request, the affidavit in support thereof, and the warrants issued (all of which are available for inspection by Plaintiffs) speak for themselves, and there is no indication that Judge Kenkel's decision was based upon anything other than what was presented to him. Furthermore, there is no showing that the information cannot be obtained by taking the depositions of the persons who presented themselves to and/or spoke with Judge Kenkel concerning the application for warrants. Finally, while Plaintiffs contend that they do not seek to explore the circumstances surrounding the issuance of the warrants, it appears to the Court that, in fact, Plaintiffs are seeking to inquire into the circumstances, statements, discussions and general presentations Judge Kenkel had before him and considered when he determined to issue the seizure warrants. Judicial officials are entitled to exercise their decision-making function without intimidation or fear of having to submit to questioning and interference whenever a litigant decides to seek what very well may be already available through other means, and is tantamount to mere corroboration. The record is simply devoid of any compelling reason or adequate showing of exceptional circumstances for an intrusion into the normal and efficient functioning of the judicial process.

On the record generated thus far, this Court will not require Judge Kenkel to provide testimony upon written questions with regard to what witnesses told him and what he discussed during his assessment and consideration of seizure warrants issued by him in his role and capacity as a Magistrate Judge. The Court will, therefore, grant Judge Kenkel's Motion to Quash Subpoena, and will deny the Plaintiffs Motion to Compel insofar as it seeks to compel the Rule 31

testimony of Judge Kenkel. A separate Order shall issue.