GODBOLD, Chief Judge:
 

 Defendants were pawnbrokers who operated B.E.Z. pawnshop. Plaintiff obtained a loan from defendants by either pledging her jewelry or selling it with an option to repurchase. Defendants converted plaintiffs jewelry. Plaintiff then sued defendants in state court for conversion. The jury awarded her $35,000 in compensatory damages and $37,000 in punitive damages. Defendants filed for bankruptcy thereafter.
 

 Plaintiff brought this action in the bankruptcy court requesting a determination that the state court judgment was not dis-chargeable under 11 U.S.C. § 523(a)(6) (1982), which excepts from dischargeability debts “for willful and malicious injury by the debtor to another entity or to the property of another entity.” The court found that Jack Held disposed of the jewelry in good faith under the mistaken assumption that his agreement with plaintiff justified his actions. The court thus held that this debt was discharged. Plaintiff appeals.
 

 Plaintiff argues that the bankruptcy court ignored the collateral estoppel effect of the state court judgment for plaintiff on conversion and the accompanying award of punitive damages. She contends that the state jury’s award of punitive damages necessarily included a finding that the conversion was willful and malicious, which would except the debt from dischargeability under § 523(a)(6).
 

 The doctrine of collateral estoppel bars relitigation of an issue if three requirements are met:
 

 (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated in the prior litigation; and (3) that the determination of the issue in the pri- or litigation have been a critical and necessary part of the judgment in that earlier action.
 

 Deweese v. Town of Palm Beach,
 
 688 F.2d 731, 733 (11th Cir.1982).
 

 Although the plaintiff raised the issue of willfulness in the state court proceeding, the award of punitive damages does not necessarily include a finding that defendants acted willfully and maliciously. The state court charged the jury that it could award punitive damages if the acts of the defendants “were willful
 
 or
 
 showed a
 
 reckless indifference
 
 to the rights of the plaintiff.” (emphasis added). The jury might have based its verdict on recklessness.
 

 A finding of recklessness does not resolve the § 523(a)(6) inquiry. In fact, by adopting the requirement that the conversion be willful and malicious, Congress expressly overruled prior caselaw that had refused dischargeability when the conversion occurred innocently or recklessly.
 
 See
 
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 365
 
 *630
 
 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320-21 (“reckless disregard” standard of
 
 Tinker v. Colwell,
 
 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), and progeny, which refused dis-chargeability to conversions recklessly done, overruled);
 
 see also
 
 3
 
 Collier on Bankruptcy
 
 ¶ 523.16[3] (L. King 15th ed. 1984) (conversion without conscious intent to violate rights of another or under mistake or misapprehension is dischargeable even though debtor acted recklessly). Since the state court award of punitive damages did not necessarily decide the question of willfullness and malice, principles of collateral estoppel did not preclude the bankruptcy court from considering whether the conversion was willful and intentional under § 523(a)(6) so as to deny dischargeability to the judgment. Upon considering this question the bankruptcy court found that the conversion was not willful or malicious and that defendants acted in a good faith though mistaken belief that their agreement with plaintiff authorized their actions. These findings are not clearly erroneous.
 
 [1]
 

 AFFIRMED.
 

 [1]
 

 . Since the court correctly found the debt from Jack Held to plaintiff dischargeable, we need not decide whether the district court erred in dismissing the complaint against his brother Robert seeking a determination of nondis-chargeability based on the vicarious liability of Robert for his partner Jack’s actions.