In re Lucien Matthew JACOBS and Annette Patricia Jacobs, Debtors.

Merle NICOLA, Trustee in bankruptcy of Pride Foods Corp., Plaintiff,

v.

Lucien Matthew JACOBS and Daniel L. Bakst, Trustee, Defendants.

Bankruptcy No. 84–01718–BKC–TCB.
Adv. No. 84–0758–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 4, 1985.

Geoffrey S. Aaronson, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for plaintiff.

Sam C. Caliendo, Fort Lauderdale, Fla., for debtor/defendant.

Daniel L. Bakst, Johnson & Bakst, P.A., West Palm Beach, Fla., for trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception under 11 U.S.C. § 523(a)(6) from the debtor-husband's discharge for the debt owed by him to the plaintiff. The debtor has answered and the matter was tried on January 29.

Plaintiff is an Omaha bankruptcy trustee. At all times pertinent here, Jacobs was the sole shareholder, president, director and active manager of Approved Equipment Company of America, Inc., a corporation based in Wisconsin. In 1982 plaintiff employed the Company to take possession of, itemize, appraise and sell at public auction the personal property of an entity whose estate had been entrusted to the plaintiff. It was agreed that:

"All proceeds received by the [Company] will be promptly forwarded to the [bankruptcy trustee]."

All checks were to be made payable to the trustee and endorsed by the Company.

The Company would be paid by the trustee 15% of the proceeds realized.

The auction sale was conducted in Franklin Park, Illinois, three years later on October 18, 1985. It is undisputed that the net proceeds of the auction, after credit for the Company's commission, were $21,532. No part of this money has ever been paid to the plaintiff. The obligation to the plaintiff by the Company has never been disputed.

The Company, in addition to serving as auctioneer for others, also bought and sold goods for its own account and at its heyday did over $2 million business a year. This particular auction included goods other than those owned by the plaintiff. The Company's fortunes declined and it went out of business about a year after the auction. During its last year, it did only about $150,000 business.

■ The auction proceeds in question here were not remitted immediately to the trustee, but were commingled in the Company's general account, from which it paid its operating expenses including Jacobs' salary. Although the management of this account was shared by Jacobs with a secretary and an accountant, he did, in fact, personally write and sign checks to that account after the deposit of the proceeds of this auction, in an amount which exceeded the amount payable to the plaintiff. There is no evidence that he took any of the money from the auction or from the account for his personal benefit, other than his normal salary. Except for Jacobs' failure to immediately remit all the proceeds of this auction to the plaintiff, no other irregularity in the performance of the Company's contract has been suggested.

Section 523(a)(6) excepts from discharge debts:

"for willful and malicious injury by the debtor to another entity or to the property of another entity." .

It is settled without significant dispute that this provision includes debts for "willful and malicious" conversion of property. *Collier on Bankruptcy,* ¶ 523.16[3] (15th ed.) A conversion is "willful" if it is deliberate or intentional. It may be "malicious"

if it was wrongful and without just cause, even in the absence of a personal hatred, spite or ill will. *Collier on Bankruptcy* ¶ 523.16[1], nn. 6, 7 (15th ed.) Not all conversions are willful and malicious.

■ In *In re Held,* 734 F.2d 628, 630 (11th Cir.1984), the court affirmed the bankruptcy court's finding that the conversion by the debtors/pawnbrokers of the plaintiff's jewelry was not willful or malicious and that they acted in good faith though mistaken belief that their agreement with the plaintiff authorized their actions. The court noted that:

"conversion without conscious intent to violate rights of another or under mistake or misapprehension is dischargeable even though debtor acted recklessly."

Plaintiff has not carried his burden of proving that the Company's conversion of the plaintiff's auction proceeds was the willful and malicious act of Jacobs. There is no basis in the record before me to find that Jacobs had no intention of remitting the auction proceeds to the trustee when he deposited those proceeds in the Company's account and when he wrote checks to pay other obligations from that account. Rather, the evidence suggests the possibility, if not the probability, that Jacobs was attempting to rescue a failing business while preoccupied with a business call to Brazil. He recklessly breached the Company's contract with the plaintiff, but that fact is not enough to except the debt from discharge. *Id.* at 629; *In re Simpson,* 29 B.R. 202, 212–13 (Bkrtcy.N.D.Iowa 1983).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.