In re David SALAI, Debtor(s).

Myra ZELLER, Plaintiff,

v.

David SALAI, Defendant.

Adv. No. 85–0054–BKC–TCB–A.

Bankruptcy No. 84–01957–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

April 22, 1985.

Joel Weissman, Palm Beach, Fla., for plaintiff.

Gregory B. Dickenson, West Palm Beach, Fla., for debtor/defendant.

Irving Gennet, Boca Raton, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff/creditor seeks exception from discharge under 11 U.S.C. § 523(a)(6) for her unliquidated tort claim. The debtor has answered and the matter was tried on April 16.

The debtor's motion to quash service (C.P. No. 8) was denied for the reasons announced at trial.

The facts are relatively undisputed. The plaintiff, accompanied by two female friends, encountered the debtor in a bar shortly before midnight on August 31, 1984. She had seen him at three previous social occasions, and he invited the ladies to join him and his male companions for a drink at the bar. While waiting for the drink to be served, he offered to demonstrate to the plaintiff a judo maneuver which he had been demonstrating to his male companions when plaintiff joined them. This maneuver involves bending the wrist backward. She neither refused nor resisted the demonstration, but both parties heard a snap. She experienced immediate pain and discomfort and learned a day or two later that her wrist had been broken. She subsequently filed an action against the debtor in the State court alleging in the alternative simple negligence and

**12**

willful and malicious injury. That action remains pending.

 Under § 523(a)(6) debts "for willful and malicious injury by the debtor" are excepted from discharge. An injury may be malicious within this provision if it was wrongful and without just cause or was excessive, even in the absence of personal hatred, spite or ill-will. The term "willful" means deliberate or intentional, that is to say, a deliberate or intentional act which necessarily leads to injury. *Collier on Bankruptcy* ¶ 523.16[1]. (15th Ed.)

The relationship between the parties both before and during the evening in question was marked by no disagreement or animosity. Neither party was inebriated. I find that there was no intent on the debtor's part to cause any harm or injury to the plaintiff and the maneuver in question neither necessarily nor typically leads to any injury. Therefore, the injury to plaintiff was not willful. It follows that plaintiff's claim arising from this incident is not excepted from discharge under § 523(a)(6).

There is no question in my mind that the debtor was negligent and that his negligence caused serious injury to the plaintiff. It is entirely possible that his negligence exhibited a reckless disregard for the plaintiff's safety. However, since the enactment in 1978 of § 523(a)(6) in its present form, it is clear that:

"a finding of recklessness does not resolve the § 523(a)(6) inquiry. In fact, by adopting the requirement that the conversion be willful and malicious, Congress expressly overruled prior caselaw that had refused dischargeability when the conversion occurred innocently or recklessly." *In re Held,* 734 F.2d 628, 629 (11th Cir.1984).

Plaintiff's reliance upon *O'Brien v. Howell,* 92 So.2d 608 (Fla.1957) and the annotation of that case at 63 A.L.R.2d 544 is misplaced. Those authorities deal with the application of § 17a(2) of the Bankruptcy Act of 1898, the predecessor of the present § 523(a)(6). By a 1970 amendment to § 17c

of that Act, exclusive jurisdiction to determine the dischargeability of claims was vested in this court, and State courts were deprived of their former concurrent jurisdiction. *Collier on Bankruptcy* ¶ 523.05 (15th Ed.).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs, if any, may be taxed on motion.