**SUNCO SALES, INC.,**
**Plaintiff/Appellant,**

v.

**Kenneth Earl LATCH & Helen Doris Latch, Defendants/Appellees.**

**No. 85–3120–Civ.**

United States District Court,
S.D. Florida.

Feb. 28, 1986.

---

Emalyn D. Gazitua, Shutts & Bowen, Miami, Fla., for defendants/appellees.

Timothy Armstrong, Coral Gables, Fla., for plaintiff/appellant.

## ORDER AND MEMORANDUM OPINION

ATKINS, Senior District Judge.

### I. STATEMENT OF THE CASE

Sunco Sales appeals from the Bankruptcy Court's Final Judgment discharging Kenneth Earl Latch and Helen Doris Latch from a debt established pursuant to a final judgment entered by the district court. After the district court entered final judgment, Mr. and Mrs. Latch filed a voluntary petition in bankruptcy. Sunco Sales objected to discharge of the debt and initiated an adversary proceeding.

Sunco Sales urges that the debt was not dischargeable under 11 U.S.C.A. § 523(a)(6) which excepts from dischargeability debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Sunco Sales' sole evidence regarding the "willful and malicious injury" consisted of the jury's findings in the special verdict interrogatories and the subsequent final judgment from the prior district court proceedings. In that case, the jury found Mr. and Mrs. Latch guilty of theft as defined in Fla.Stat.Ann. § 812.014 and awarded treble damages pursuant to Fla.Stat.Ann. § 812.035(7). In addition, the jury awarded punitive damages based on a finding of malice, moral turpitude, wantoness, willfulness, or reckless indifference to Sunco Sales' rights.

### II. QUESTION PRESENTED

Was the Bankruptcy Court clearly erroneous in discharging the appellant's debt based on a finding that the evidence, which consisted exclusively of special jury verdict interrogatories and a final judgment, failed to satisfy plaintiff's burden of proof regarding the "willful and malicious injury" element of 11 U.S.C. § 523(a)(6)?

### III. DISCUSSION

#### A. *Standard of Review*

On appeal, the district court has plenary review over the Bankruptcy Court's Conclusions of Law, *In Re Multiponics*, 622 F.2d 709, 713 (5th Cir.1980), but findings of fact shall not be set aside unless clearly erroneous. *See In Re Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir.1983); *See also, In Re Reed*, 700 F.2d 986, 992 (5th Cir.1983). In general, a finding of fact is clearly erroneous "when

although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

### B. *Burden of Proof*

██ The purpose of the bankruptcy provisions is to provide relief from burdensome debts, and exceptions to discharge should be narrowly construed in favor of the debtor. *See In Re Clemons*, 42 B.R. 796 (Bkrtcy Ohio 1984); *In Re Cycle Accounting Services*, 43 B.R. 264 (Bkrtcy Tenn.1984). In general, this means that the creditor must present sufficient evidence to prove the non-dischargeability of the debt. *See In Re Cross*, 666 F.2d 873, 5 C.B.C.2d 1549 (5th Cir.1982). More specifically, when a creditor seeks to prevent discharge under 11 U.S.C. § 523(a)(6), the "burden is on the creditor to show which part of a judgment is based on malicious injury." 3 *Collier on Bankruptcy* ¶ 523.16 (15th ed. 1985).

### C. *The Bankruptcy Court's Findings of Fact and Conclusions of Law*

After a hearing the Bankruptcy Court entered Findings of Fact and Conclusions of Law. Having Reviewed the Special Verdict and Supplemental Special Verdict and Judgment, the bankruptcy judge stated:

> In the instant proceedings, the evidence before the Court constitutes an insufficient basis to establish the elements necessary to determine the dischargeability of the underlying debt. After a careful review of the evidence, the Court finds that the use of the conjunction "or" in the special jury interrogatories lends itself to several alternative bases of liability. These alternatives foreclose the Court from finding willful and malicious intent as opposed to conduct that was merely negligent. Willful and malicious conduct can prevent discharge of the debt pursuant to 11 U.S.C. § 523 (a)(6), whereas mere negligent con-

duct does not rise to a level sufficient to deny the discharge of debt. Similarly, the verdict interrogatories, taken as a whole, do not support a finding of fraudulent conduct sufficient to deny discharge pursuant to 11 U.S.C. § 523(a)(2) or § 523 (a)(4).

> Accordingly, the Court finds that, by reliance solely on the jury findings in the special verdict interrogatories and the subsequent final judgment, the plaintiff has failed to meet the burden of establishing that the debt is non-dischargeable under 11 U.S.C. § 523(a)(2), (4) or (6).

*Findings of Fact and Conclusions of Law* at 3–4 (July 8, 1985).

### D. *Evaluation of the Evidence Presented*

The sole evidence presented in the bankruptcy proceeding by appellant, plaintiff below, was the jury findings in the special verdict interrogatories and the subsequent final judgment from a prior district court proceeding. Appellant contends that the jury's award of treble and punitive damages was sufficient evidence to require a finding of malice by the Bankruptcy Court.

In a recent Eleventh Circuit case, the court held that a state court award of punitive damages in a conversion action did not end the inquiry into the question of the "willful and malicious injury" element. *In Re Held*, 734 F.2d 628, 630 (11th Cir.1984). In *Held,* the court stated:

> Although the plaintiff raised the issue of willfulness in the state court proceeding, the award of punitive damages does not necessarily include a finding that defendants acted willfully and maliciously. The state court charged the jury that it could award punitive damages if the acts of defendants "were willful *or* showed a *reckless indifference to the rights* of the plaintiff." The Jury might have based its verdict on recklessness. A finding of recklessness does not resolve the § 523(a)(6) inquiry. In fact, by adopting the requirement that the conversion be willful and malicious, Congress expressly overruled prior caselaw that had refused dischargeability when the conversion oc-

curred innocently or recklessly. (emphasis added)

*Id.* at 629.

In the prior district court proceeding the jury charge was also phrased in the alternative. For example, questions 44 and 42 were worded similarly:

> Question 42. If your answer to question 13, 17, 21, 25 or 35 is yes, did Kenneth Latch act with malice, moral turpitude, wantonness, willfullness or reckless indifference to the rights of Sunco Sales, Inc.?
>
> Answer. Yes

As in *Held,* the jury's response does not establish a "willful and malicious injury" because the jury might have based its verdict on recklessness.

Appellant insists that the present case goes beyond *Held.* In *Held,* the plaintiff obtained a judgment for conversion with an accompanying award of punitive damages. The Bankruptcy Court discharged the debt because it found that the conversion was based on a mistaken assumption and that the defendant had acted in good faith. Conversely, in this case, the underlying district court judgment was based on civil theft. Therefore, appellant asserts that the only conclusion the Bankruptcy Court could have legitimately reached is that a willful and malicious injury occurred.

Appellant contends that the treble damage award is conclusive proof of the "willful and malicious injury" element. This award was based on the jury's finding that Mr. and Mrs. Latch had violated Florida's theft statute. *See* 22A Fla.Stat.Ann. §§ 812.104, 812.035. Section 812.014 reads in pertinent part:

> (1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or uses, or endeavors to obtain or to use, the property of another with intent to either temporarily or permanently:
>
> (a) deprive the other person of a right to the property or a benefit therefrom.
>
> (b) appropriate the property to his own use or the use of any person not entitled thereto.

Similarly at the time of trial, Section 812.-035 provided in pertinent part:

> (7) Any person who is injured in any fashion by reason of any violation of provisions §§ 812.012.037 shall have a cause of action or three-fold the actual damages sustained, and, when appropriate, punitive damages. Such person shall also recover attorney's fees in the trial and appellate courts and costs of investigation and litigation.

Appellees argue that the special jury interrogatories were inconsistent and contradictory. Furthermore, appellees indicate that these interrogatories form an insufficient basis for a finding of guilty of the Florida Civil Theft Statute. This argument, however, fails for two reasons. First, the Bankruptcy Court does not have the power to reverse the District Court. Instead, appellees argument should have been addressed to the Eleventh Circuit. In short, the Bankruptcy Court must accept the judgment as it stands. Second, when the special verdicts are carefully examined, they are consistent.

■ Taken as a whole, the special verdict interrogatories indicate that Kenneth and Helen Latch knowingly allowed the use of wire transfer proceeds with intent to either permanently or temporarily appropriate the property to the use of an individual not entitled thereto. The fact that neither Kenneth nor Helen Latch directly exercised dominion over the funds is not conclusive, because the statute also prohibits appropriation of the property to the use of any person not entitled to it. *See* 22A Fla.Stat.Ann. § 812.014.

A debt is excepted from discharge if it is based on a willful and malicious injury by the debtor to another entity or to its property. 11 U.S.C.A. § 523(a)(6). "The word 'willful' means 'deliberate and intentional.'" *In Re Scotella,* 18 B.R. 975, 977 (Bkptcy N.D.Ill.1982). "'Malicious,' as used in § 523(a)(6), means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Id.* at 977; *see generally,* 3 *Collier*

*on Bankruptcy* ¶ 523.16[1]. A review of the case law indicates that most courts interpret these elements similarly. *In Re Ricketts,* 40 B.R. 676, 678 (Bkrtcy Md. 1984); *In Re Gilbride,* 32 B.R. 75, 78 (Bkrtcy S.D.Fla.1983); *In Re Licht,* 29 B.R. 497, 500 (Bkrtcy S.D.Fla.1983); *In Re Underwood,* 17 B.R. 417, 419 (Bkrtcy W.D.Mo. 1981).

■ The Bankruptcy Court had before it a judgment against Kenneth and Helen Latch for violating Florida's theft statute. The statutory language for theft requires knowledge and intent rather than mere negligence. Thus, the willful element was satisfied. Similarly, there is no dispute that the jury found the appropriation was wrongful and without just cause. Therefore, the court should have found that the debt was nondischargeable.

## IV. CONCLUSION

The sole issue on appeal is whether Sunco Sales submitted sufficient evidence to determine the nondischargeability of a judgment debt. The sole evidence presented by the plaintiff consisted of special jury interrogatories and a final judgment entered in a district court proceeding for violation of Florida's theft statute. This statute clearly requires that the wrongful appropriation be made with knowledge and intent. Therefore, because the judgment and interrogatories were sufficient evidence of a willful and malicious injury, the Bankruptcy Court was clearly erroneous. The decision must be reversed.