**In re Edwin TRACTON, Debtor.**

**Mark S. KROHN, Plaintiff,**

**v.**

**Edwin TRACTON, Defendant.**

**Bankruptcy No. 86–02859–BKC–SMW.**
**Adv. No. 87–0085–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

May 22, 1987.

Jerry Kahn, Miami, Fla., for defendant.

Mark S. Gold, North Miami Beach, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on March 11, 1987 upon the complaint of Mark S. Krohn, a creditor, against Edwin Tracton, the debtor, seeking an exception to discharge of a state court judgment on a promissory note pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

On or about December 11, 1981 the creditor and the debtor entered into an agreement for the sale of the creditor's shares of stock in Boulevard Realty Corp. to the debtor. Pursuant to the agreement, the debtor personally guaranteed a promissory note to the creditor. Payment of the promissory note was secured by a security agreement granting the creditor a security interest in the Boulevard Realty Corp. stock. The terms of the promissory note, according to the testimony, called for payments on the note when the corporation accrued net commissions from sales.

Approximately three months subsequent to the transaction the debtor closed Boulevard Realty Corp. and vacated the premises. The debtor testified that the business performed so poorly that he had no alternative but to close it. He was behind on his lease payments and the landlord instructed him to pay the rent or vacate the premises. A letter written by the debtor to the creditor in response to a demand letter informed the creditor of the debtor's financial difficulties. However, the debtor did not notify the creditor that he was planning to close the business and the creditor only accidentally found the business closed when he drove past it one day. The creditor subsequently obtained a Summary Final Judgment on the promissory note against the debtor in Dade County Circuit Court.

In addition to having a security interest in the Boulevard Realty stock, the creditor had a security interest in the assets of the business, including a lease on the property that housed the business. It appears that at the time of the transaction there was a copy machine, various types of office furniture, a few files, and a plastic display sign on the premises. Upon the creditor's discovery of the closed business, the creditor requested the return of the copy machine from the debtor. The debtor returned the copy machine as per his request, but none of the other equipment was returned and the precise whereabouts of it is unclear. The creditor contends that the debtor sold the assets, but the evidence does not support his contention. The lease was terminated for lack of payment and the security on the lease was evidently retained by the landlord for payment of back rent.

The creditor argues that the state court judgment should be excepted from discharge because the debtor caused a willful and malicious injury to the property of another entity within the meaning of 11 U.S.C. § 523(a)(6) and that the debtor obtained money or property through false pretenses, false representations or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). Based on the following discussion, the Court finds that the evidence does not support an exception from dis-

charge under either 11 U.S.C. § 523(a)(6) or (a)(2)(A).

11 U.S.C. § 523(a)(6) states that a debtor cannot be discharged from any debt where there was "a willful and malicious injury by the debtor to another entity or to the property of another entity." If the injury committed by the debtor is a conversion of the creditor's property, "the debt is nondischargeable in bankruptcy if the conversion was 'willful and malicious'." *Chrysler Credit Corp. v. Rebhan (In re Rebhan)*, 45 B.R. 609 (Bankr.S.D.Fla.1985). *See also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 363 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. In the State of Florida "conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Senfeld v. Bank of Nova Scotia*, 450 So.2d 1157, 1161 (Fla. 3d DCA 1984). Additionally, "where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred." *Senfeld*, 450 So.2d at 1161. However, demand and refusal are not required where conversion can otherwise be shown. *Senfeld*, 450 So.2d at 1161.

■ In the case at bar, the creditor demanded that his copy machine be returned and the debtor complied with the request. As to the office furniture, the debtor testified that he did not sell any of it, but held most of it at his home until he was divorced and moved away leaving it in the marital home. The debtor said he would have returned anything the creditor wanted. As to the lease, the debtor defaulted and the landlord took possession of the premises, evidently including the display sign. Based on these facts, there was no conversion by the debtor under Florida law.

■ However, even if there was a conversion under 11 U.S.C. § 523(a)(6) there is no exception from discharge for a debt if the conversion "occurred without a conscious intent to violate the property rights of another." *In the Matter of Held*, 34 B.R. 151 (Bankr.M.D.Fla.1983) *affm'd Miller v. Held (In re Held)*, 734 F.2d 628 (11th

Cir.1984). A mere technical conversion is not sufficient to except a debt from discharge, it must be a willful and malicious conversion. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. 363 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978). The creditor only proved that some furniture was not returned to the creditor. He did not show demand and refusal or that there was an unauthorized sale of assets. The facts simply do not support an exception from discharge for the state court judgment under 11 U.S.C. § 523(a)(6).

The creditor also claims that the state court judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because of the debtor's intent, at the time he entered into the agreement, not to repay the note and to liquidate the assets of Boulevard Realty Corp. 11 U.S.C. § 523(a)(2)(A) states that a discharge shall not be granted to a debtor for any debt "for money ..., to the extent obtained by false pretenses, a false representation or actual fraud...." The creditor argues that had the debtor not misrepresented his intention to repay the note, he would not have agreed to transfer the stock in Boulevard Realty Corp.

A debt is excepted from discharge because of the debtor's false representation if the following is shown: "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and then the creditor sustained a loss as a result of the representation." *In re Hunter*, 780 F.2d 1577, 1979 (11th Cir.1986). Additionally, implied fraud is insufficient, but the "debtor must be guilty of positive fraud or fraud in fact, involving moral turpitude or intentional wrong." *Hunter*, 780 F.2d at 1579.

■ The evidence presented by the creditor provides no basis for this Court to find, according to the *Hunter* elements, that the the debtor made a misrepresentation as to his intentions to repay the note. The default alone does not prove that the debtor made a false representation at the time he signed the note that he would repay it. According to the unrebutted testimony of

the debtor, the note did not require payment until there were sales. Additionally, although the creditor made a demand for payments he felt were due on the note, the debtor replied with set offs he felt were due from the creditor. As to the liquidation of assets, the creditor did not prove any of the assets were ever sold. It appears that the Boulevard Realty Corp. was a failure as a business and the debtor could not repay the note. Bankruptcy protects such debtors from their creditors and affords them a fresh start. Therefore, under the circumstances, the debt cannot be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

In summary, this Court finds that the state court judgment is not entitled to be excepted from discharge under 11 U.S.C. § 523(a)(6) or (a)(2)(A). A separate Final Judgment of even date has been entered in conformity herewith.