**In re Ernest E. STOVER, Jean R. Stover, Debtors.**

**Joseph ATCHLEY, Plaintiff,**

**v.**

**Ernest E. STOVER, Jean R. Stover, Defendants.**

**Bankruptcy No. 487–01160.
Adv. No. 488–0003.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

July 18, 1988.

---

Thomas R. Herndon, Savannah, Ga., for plaintiff.

Dwight T. Feemster, Duffy and Feemster, P.C., Savannah, Ga., for defendants.

## ORDER ON PLAINTIFF'S MOTION TO INVOKE DOCTRINE OF COLLATERAL ESTOPPEL

JOHN S. DALIS, Bankruptcy Judge.

In this adversary proceeding, Joseph Atchley, (plaintiff) seeks a determination that a judgment debt owed to him by Ernest E. Stover and Jean R. Stover (debtors), debtors in the underlying chapter 7 proceeding, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) & (B), (a)(4), (a)(6) and (a)(7). This judgment resulted from a jury verdict in a state court action wherein plaintiff sued the debtors, alleging that the couple had fraudulently converted his funds and that he had suffered a battery at the hands of Ernest Stover.

The judgment for plaintiff was entered on June 15, 1987 following a three-day jury trial in Chatham County Superior Court, .Chatham County, Georgia. The jury returned a general verdict for plaintiff against both debtors on one count of conversion, awarding compensatory damages of Thirty Two Thousand Seven Hundred and No/100 ($32,700.00) Dollars and punitive damages of Fifty Thousand and No/100 ($50,000.00) Dollars. The jury also returned a general verdict for plaintiff against defendant Ernest E. Stover, individually, on a battery count, awarding compensatory damages of Twenty Five Thousand and No/100 ($25,000.00) Dollars and punitive damages of Fifty Thousand and No/100 ($50,000.00) Dollars.

Subsequent to the entry of judgment, the debtors sought relief under Chapter 7 of the Bankruptcy Code. Among the debts they seek to discharge is this judgment. Plaintiff contends that the debt is nondischargeable and seeks to use the doctrine of collateral estoppel to establish this fact. Plaintiff contends that the underlying state court action and jury verdict settles the matter as all pertinent facts needed by this

court to adjudge the debt nondischargeable had been presented in the state court litigation and found in his favor.

This court must consider collateral estoppel in § 523 complaints if the doctrine is at all pertinent to obviate the relitigation of facts already litigated. *In re: Held,* 734 F.2d 628 (11th Cir., 1984). The standard for properly applying collateral estoppel to prevent relitigation is tripartite.

1. The issue at stake in the present litigation must be identical to the one involved in the prior litigation;

2. The issue must have been actually litigated in the prior case; and

3. The determination of the issue must have been a critical and necessary part of the judgment in that earlier action. *Held,* supra; *In re: Halpern,* 810 F.2d 1061 (11th Cir., 1987). The question for resolution at this point is whether in rendering its general verdict for plaintiff in the underlying state court proceeding, the jury must have as a critical and necessary part of its verdict decided in favor of plaintiff those facts which would establish a case of nondischargeability under 11 U.S.C. § 523.

## I THE BATTERY COUNT

 Section 523(a)(6) of the Bankruptcy Code provides as an exception to discharge those debts:

For willful and malicious injury by the debtor to another entity or to the property of another entity.

If an intentional tort such as battery causes injury it is nondischargeable so long as the debtor-tortfeasor has the requisite "willful and malicious" specific intent. See, *In re: Cunningham,* 59 B.R. 743 (Bankr.N.D.Ill.1986). However, if the debtor-tortfeasor's intent is characterized as a reckless disregard for the consequences of his actions, the plaintiff has failed to establish a case of nondischargeability under § 523(a)(6). See, *In re: Wrenn,* 791 F.2d 1542 (11th Cir., 1986).

 A review of the certified transcript of the state court trial in the present case leaves open the possibility that the jury returned its verdict in plaintiff's favor on

the basis of debtor's reckless disregard for the consequence of his actions. The judgment in this case was one of a general verdict with no specific findings of fact. The trial judge charged the jury that

"a physical injury done to another shall give the right of action to the injured party, whatever may be the intention of the person causing the injury ..." Trial transcript at p. 583.

The trial judge further instructed the jury that

"[i]t is not essential, however, to recover for exemplary or punitive damages if the person inflicting the damages be guilty of willful intentional conduct. It is sufficient that the act be done under such circumstances as evinces an entire want of care or consciousness (sic) indifference to consequences." Trial transcript at p. 587.

Under the charge of the court, the jury was permitted to consider as a basis for the award of not only compensatory but also punitive damages a finding of the debtor's careless disregard for the consequence of his actions. Where a jury returns a general verdict for a plaintiff and is given this reckless disregard charge collateral estoppel may not be used in a subsequent adversary proceeding in a bankruptcy context to establish the nondischargeability of the judgment debt arising from the verdict. *Held,* supra. The standard for establishing liability and the debt under Georgia law is different from the federal standard of nondischargeability under 11 U.S.C. § 523(a)(6).

## II THE CONVERSION COUNT

 Plaintiff also contends that the portion of the judgment relating to the conversion of the plaintiff's property by the defendants are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4). Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." The fiduciary relationship required by § 523(a)(4) has uniformly been held to be one of an express or technical trust. *See,* e.g. *In re: Cook,* 38 B.R. 743 (BAP 9th

Cir., 1984); *In re: Tester,* 62 B.R. 486 (Bankr.W.D.Va., 1986). This narrow interpretation of the phrase "fiduciary capacity" under § 523(a)(4) prevents an equitable or implied trust arising by operation of law from serving as the basis for nondischargeability. *In re: Ogg,* 40 B.R. 609 (Bankr.N. D.Tex., 1984). Thus, in accordance with the standards established by the Court of Appeals for the Eleventh Circuit in *Held* and *Halpern,* both supra, in order for collateral estoppel to prevent relitigation of the issue, the trial court jury must have necessarily found the existence of an express or technical trust in reaching its verdict.

The trial judge in the underlying state court action gave the jury a charge which explained the nature of an express trust and the duties and responsibilities of a trustee under an express trust. The trial judge charged that

> "when trusts or confidences repose in a person in consideration of a payment, or promise of a reward to him negligence in the person trusted ... shall give the injured party right of action." Trial transcript at p. 577.

However, the trial judge later charged on the meaning of constructive and implied trust.

> "Whenever the circumstances are such that the person taking the legal estate either from fraud or otherwise cannot enjoy the beneficial interest without violating some established principle of equity the Court will declare that person a trustee for the person beneficially entitled if such person has not waived his right by subsequent ratification, or loan acquiescence.
>
> A constructive trust arises not from the intent of parties, but by equity with respect to property acquired by fraud, or although acquired without fraud it is against equity that the property should be retained by the one who holds it. Implied trusts or either resulting in constructive, constructive trusts arises where there is fraudulent conduct and knowing intent of the parties involved.

> The implied result in trust is based on the intention of the parties.
>
> Whenever the legal title is in one person, but the beneficial interest either from the payment of the purchase money or from other circumstances as wholly or partially in another that can be trust implied. Or where from any fraud a person obtains a title which rightfully belongs to another, that can be a trust implied. Or where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest, that is trust implied ..." Trial transcript at pp. 578–579.

From the general verdict rendered, it is impossible to determine whether the jury considered the debtors accountable for breach of a fiduciary duty on the basis of an express trust as required under § 523(a)(4) or an implied trust. Plaintiff's motion now under consideration does not assert as a basis for the imposition of collateral estoppel a finding by the jury of embezzlement or larceny, the remaining grounds for nondischargeability under § 523(a)(4).

As a constructive or implied trust may be imposed as a result of one's wrongdoing, the conversion count of the judgment requires examination under § 523(a)(2)(A) which, among other things, denies discharge of debts arising from monies or property obtained by the debtor through actual fraud. The "actual fraud" requirement establishes a lack of good faith in dealing. *See, In re: Hunter,* 780 F.2d 1577 (11th Cir., 1986). In the underlying state court action, the trial judge's charge to the jury authorized a finding for the plaintiff under circumstances of constructive as well as actual fraud.

> "Fraud may be actual or constructive. Actual fraud consists of any kind of device by which another is deceived. Constructive fraud consists of any act or commission or omission contrary to legal or equitable duty, trust or confidence which another person has a right to rely on and which injures such other person. Actual fraud implies guilt, while con-

structive fraud may be consistent with innocence." Trial transcript at p. 581. From the verdict, it is impossible to determine that the jury's verdict in the conversion count is based upon a finding of actual rather than constructive fraud.

Although plaintiff's complaint prays for nondischargeability under 11 U.S.C. § 523(a)(2)(B) and (a)(7) as well as other provisions of the § 523 discussed above, for the purposes of this motion plaintiff did not assert that the underlying state court judgment established nondischargeability on these counts.

The factors necessary for the establishment of nondischargeability under 11 U.S.C. § 523 were not necessary for the findings of the state court jury in reaching its verdict and, therefore, collateral estoppel does not apply. The verdict of the trial court in the state court action was based upon causes of action accruing under state law. There is no question that the trial judge properly instructed the jury on applicable Georgia law which embodies the standards of liability adopted by the legislature of the State of Georgia. It does not necessarily follow that Congress intended the standards for nondischargeability of debts to be identical to the standards for the establishment of liability for a debt under state law. Bankruptcy is a form of debt relief. The goal of bankruptcy is to grant relief from the pressures of pre-petition debts in order for the debtor to begin a financial "fresh start". The exceptions to this granting of relief from pre-petition debts are narrowly drawn under § 523. The legal standards for the establishment of liability, the debt, under state law are broader. In order for the state court litigation to have collateral estoppel effect in a bankruptcy court, it must be clear that the factual determinations made by the trier of fact parallel the facts necessary to meet the federal standard of nondischargeability. What was established in the underlying state court action was the debt. What remains to be decided in the bankruptcy court adversary proceeding is whether that debt is dischargeable.

It is therefore ORDERED that plaintiff's motion to invoke the doctrine of collateral estoppel for the purpose of establishing nondischargeability is denied.