In re Gerald S. **MICKLE, Jr.,** Debtor.

Gerald S. **MICKLE, Jr.,** Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Bankruptcy No. 94–12519–8G7.
Adv. No. 95–158.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 15, 1996.

William F. Lawless, Altamonte Springs, FL, for Plaintiff.

Mary Apostolakos Hervey, Washington, DC, for Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Summary Judgment filed by the Plaintiff, Gerald S. Mickle, Jr. The Plaintiff commenced this adversary proceeding by filing a Complaint to Determine Dischargeability Pursuant to 11 U.S.C. Section 523 and to Determine that the Liens filed by the Internal Revenue Service are Ineffective as to the Debtor's Property Acquired Post–Petition (the Complaint). The Complaint contains two counts.

In the first count of the Complaint, the Plaintiff requests the Court to determine that the tax liabilities due and owing to the IRS for the tax periods ending December 31, 1979, 1981, and 1989 are fully dischargeable general unsecured debts under 11 U.S.C. § 727. Supporting this demand for relief, the Debtor alleges that the taxes, and the penalties and interest assessed thereon, are "stale" and therefore dischargeable pursuant to § 727 because they do not meet the requirements for nondischargeability set forth in § 523(a)(1)(A), § 523(a)(1)(B)(ii), or § 507(a)(8)(A) of the Bankruptcy Code.

In the second count of the Complaint, the Plaintiff seeks a determination that the pre-petition tax liens filed by the IRS are enforceable only with respect to property owned by the Plaintiff at the time he filed his chapter 7 petition, but that they are not enforceable as to any property acquired by the Plaintiff subsequent to the filing of the petition.

In his Motion for Summary Judgment, the Plaintiff contends that there is no genuine issue as to any material fact in either count, and that he is entitled to the entry of a judgment in his favor as a matter of law.

The United States filed an Amended Answer and Defenses to the Complaint on May 30, 1995. In the Amended Answer, the United States admitted that the tax liability which the Plaintiff seeks to have discharged is "a tax measured by income or gross receipts for the taxable years ending on or before the date of the filing of the petition for which returns are required and last due, including extensions, before three years before the date of filing the petition." (Complaint, paragraph 12). The United States also admitted that the taxes were assessed in 1990 and 1991 (more than 240 before the date of the petition), and that the Plaintiff's returns were filed more than two years before the chapter 7 petition was filed. Consequently, the United States does not appear to contest the allegations that the taxes are "stale" and that they would not be excepted from the discharge under § 523(a)(1)(A), which incorporates § 507(a)(8), or § 523(a)(1)(B)(ii), if those were the only exceptions considered.

The United States denies that the taxes are dischargeable, however, and as separate defenses to the Complaint, asserts that the taxes are excepted from the discharge under § 523(a)(1)(C)[1] of the Bankruptcy Code, that the Plaintiff's claim is barred by the doctrines of collateral estoppel and res judicata, and that the Court lacks subject matter jurisdiction over Count II based on the Anti–Declaratory Judgment Act.

It appears undisputed that the taxes owed by the Plaintiff to the United States are "taxes on or measured by income," and that they arise from the tax years ending on December 31, 1979, December 31, 1981, and December 31, 1989. According to the No-

---

1. § 523(a)(1)(C) excepts from the discharge a tax with respect to which the debtor made a fraudu-

lent return or which the debtor willfully attempted in any manner to evade or defeat.

tices of Federal Tax Lien attached to the Complaint, as of December 26, 1990, the unpaid balance of the assessment for the 1979 taxes was $1,786,044.14, and the unpaid balance of the assessment for the 1981 taxes was $145,246.25. As of September 20, 1991, the unpaid balance of the assessment for the 1989 taxes was $5,054.59. All of the taxes are identified on the Notices as "1040" taxes.

### Sections 523(a)(1)(A), 523(a)(1)(B)(ii), and 507(a)(8)(A)

In Count I of his Complaint, the Plaintiff alleged that the taxes due for 1979, 1981, and 1989 are "stale" and therefore dischargeable pursuant to § 727 because they do not meet the requirements for nondischargeability set forth in § 523(a)(1)(A), § 523(a)(1)(B)(ii), or § 507(a)(8)(A) of the Bankruptcy Code. Other issues also appear in this case by virtue of the Amended Answer and Defenses asserted by the United States, as well as the allegations raised in Count II of the Complaint.

Rule 56(d) of the Federal Rules of Civil Procedure, as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides:

> **(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

As set forth above, in this case the United States admitted the allegations in the Complaint that the tax liabilities for 1979, 1981, and 1989 are income taxes for which the returns were last due "before three years before the date of the filing of the petition," and also admitted that the taxes were assessed in 1990 and 1991. Consequently, the Court finds that these material facts appear without substantial controversy, and that the taxes do not fall within the exception to discharge contained in § 523(a)(1)(A) and § 507(a)(8)(A) of the Bankruptcy Code. Further, the United States also admitted that the returns for each of the tax years in question were filed more than two years before the chapter 7 petition was filed. Accordingly, the Court also finds that this material fact appears without substantial controversy, and that the taxes do not fall within the exception to discharge contained in § 523(a)(1)(B)(ii) of the Bankruptcy Code.

The facts specified in the preceding paragraph shall be deemed established in further proceedings in this case. The specifications are limited to the Plaintiff's allegations under § 523(a)(1)(A) and § 523(a)(1)(B)(ii), however, and in no way affect the allegations asserted by the United States under § 523(a)(1)(C) of the Bankruptcy Code or any determinations to be made by this Court under § 523(a)(1)(C).

### Section 523(a)(1)(C)

In the Plaintiff's Motion for Summary Judgment, in response to the United States' defenses that the taxes are not dischargeable under § 523(a)(1)(C) and that the Plaintiff's claim is barred by the doctrines of collateral estoppel and res judicata, the Plaintiff attached a certified copy of a decision issued by the United States Tax Court on August 14, 1990, in a case encaptioned "Gerald S. Mickle, Jr. and Anne H. Mickle v. Commissioner of Internal Revenue," Docket No. 37841–84. This decision states:

> Pursuant to agreement of the parties in the above-entitled case, it is
>
> ORDERED AND DECIDED: That there is a deficiency in income tax due from the petitioner for the taxable years 1979, 1980 and 1981 in the amounts of $391,060.00, $1,331.00, and $46,277.00 respectively.
>
> That there is an addition to the tax due from the petitioners for the taxable years 1979 and 1980 under the provisions of Internal Revenue Code Section 6653(a) in the

amounts of $41,985.00 and $67.00 respectively, and

That there is an addition to the tax due from the petitioners for the taxable year 1981 under the provisions of Internal Revenue Code Section 6653(a)(1) in the amount of $2,314.00, and

That there is an addition to the tax due from the petitioners for the taxable year 1981 under the provisions of Internal Revenue Code Section 6653(a)(2) in an amount equal to 50% of the statutory interest due on a deficiency of $23,139.00 from April 15, 1992 to the date of assessment of tax, or, if earlier, the date of payment.

Based on this decision, the Plaintiff contends that the doctrines of collateral estoppel and res judicata actually operate in his favor, because the decision "dealt with the issue of fraud in regard to the 1979 and 1981 taxes," and determined that the tax returns for those years were only filed "negligently" and not "fraudulently." The Plaintiff bases this conclusion on the fact that the additions to the taxes were imposed under section 6653(a), which relates only to negligently filed returns. Had the returns been filed fraudulently, according to the Plaintiff, the Tax Court would have imposed the additional taxes under a different subsection, Section 6653(b).

The Plaintiff did not present any additional documentation concerning his claim under Section 523.

The United States filed an Opposition to the Plaintiff's Motion for Summary Judgment. In its Opposition, the United States contends that it is not precluded by the doctrines of collateral estoppel or res judicata from relying on Section 523(a)(1)(C) to assert the nondischargeability of the taxes owed by the Plaintiff, because the issue of fraud was not dealt with or litigated in the tax court proceedings.

■ Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re St. Laurent*, 991 F.2d 672 (11th Cir.1993).

Three elements must be present for issue preclusion to be proper:

(1) the issue at stake must be identical to the one involved in the prior litigation;

(2) the issue must have been actually litigated in the prior litigation; and

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987), citing *In re Held*, 734 F.2d 628, 629 (11th Cir.1984).

The Court cannot make the determinations necessary to apply the doctrine of collateral estoppel on the basis of the record presented. It is not apparent from the record whether the issues at stake in this proceeding (that is, whether the debt is for a tax with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax) were involved in the prior litigation, were actually litigated, and were a critical and necessary part of the judgment.

The tax liability for the year 1989 apparently was not involved in the tax court litigation. The Plaintiff has alleged that the tax for 1989 as well as the taxes for 1981 and 1979 are "stale" and are therefore dischargeable. The IRS has denied that the taxes are dischargeable and has asserted that they are excepted from the discharge pursuant to § 523(a)(1)(C). Plaintiff argues that it should be entitled to summary judgment on the basis that the IRS failed to aver a statement of fact supporting this defense. In his Motion for Summary Judgment, the Plaintiff states that he moves to strike this defense; however, this "motion to strike" is neither properly nor timely made. *See* Fed. R.Bankr.P. 7007(b) and 7012(f). The IRS has raised the defense, and the defense raises issues of fact. The defense of the United States is supported by the Declaration of Ann Reid, filed in opposition to the Motion for Summary Judgment.

Accordingly, the motion for summary judgment with respect to Count I must be denied to the extent that it seeks a determination that the tax liabilities are not excepted from

discharge under § 523(a)(1)(C) of the Bankruptcy Code.

### Count II

With respect to Count II, the Plaintiff acknowledges that the tax liens attach to any property acquired before he filed his bankruptcy petition, but argues that because the taxes for 1979, 1981, and 1989 are dischargeable in his chapter 7 case, the liens securing those taxes cannot attach to any property obtained after the debts have been discharged.

It is not appropriate to resolve this issue until it is determined whether or not the taxes are dischargeable. Accordingly, the motion for summary judgment with respect to Court II should be denied.

Therefore,

**IT IS ORDERED** that:

1. The Plaintiff's Motion for Summary Judgment is granted in part, to the extent that the tax liabilities are not excepted from discharge under § 523(a)(1)(A) or § 523(a)(1)(B)(ii) of the Bankruptcy Code.

2. In all other respects, the Plaintiff's Motion for Summary Judgment is denied.