**In re Adam Jackson WHITLEY, III, Debtor.**

**Tommy CAIN, Plaintiff,**

**v.**

**Adam Jackson WHITLEY, III, Defendant.**

**Bankruptcy No. 90–00408.**
**Adv. No. 90–0120.**

United States Bankruptcy Court, S.D. Alabama.

Dec. 18, 1990.

W.A. Kimbrough, Jr., for plaintiff.

Joseph M. Powers, R. John Perry, for debtor.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge:

This matter came on for hearing on the Motion of the Debtor-defendant, Adam Jackson Whitley III, for Summary Judgment and Cross-motion of the Plaintiff, Tommy Cain, for Summary Judgment. After due deliberation on all testimony, pleadings, arguments and briefs subsequently filed, this Court concludes and orders as follows:

### FINDINGS OF FACT

The Debtor, Adam Jackson Whitley III, filed a Chapter 7 petition in this Court on February 28, 1989. Prior to this filing, the Plaintiff, Tommy Cain, brought a complaint against the Debtor and others in the Circuit Court of Mobile County ("State Court"). The complaint arose from a dispute between the Plaintiff and the Debtor over a franchise agreement on a cruise ship. In the complaint, the Plaintiff charged the Debtor with three counts: Count I for conversion of $5,000.00; Count II for fraud, seeking $100,000.00 for compensatory and punitive damages; and Count III for breach of contract, seeking $5,000.00 for damages.

After the jury trial, the State Court entered a general verdict in favor of the Plaintiff for $100,000.00 on April 12, 1989. The Defendant filed a motion for new trial and remittitur, which the State Court denied, finding the jury verdict of $100,000.00 appropriate under the circumstances. This Court finds the general verdict to be based on the second count of the Plaintiff's complaint for fraud, defined as willful or reckless misrepresentations of material fact made for the purpose of deceiving another. Code of Alabama, § 6–5–101 (1975).

On May 18, 1990, the Plaintiff filed a complaint with this Court to determine the dischargeability of the State Court's judgment under 11 U.S.C. § 523(a)(2)(A). The

Defendant filed a motion for summary judgment. The Plaintiff filed a cross-motion for summary judgment based on the State Court's order.

## CONCLUSIONS OF LAW

■ Section 523(a)(2)(A) prohibits discharge of a debt for money obtained by "false pretense, a false misrepresentation, or actual fraud...." In determining the dischargeability of such a debt, a bankruptcy court may apply collateral estoppel to avoid relitigating certain issues. *In re Halpern*, 810 F.2d 1061 (11th Cir.1987). The issue before this Court is whether collateral estoppel bars relitigation of certain issues in a dischargeability proceeding where the state court's general verdict in favor of the Plaintiff is silent as to the legal grounds for the verdict.

■ Collateral estoppel bars relitigation of an issue only if three elements are met: 1) the issue at stake must be identical to the one involved in the prior litigation; 2) the issue must have been actually litigated in the prior proceeding; and 3) the determination of the issue in the prior litigation must have been critical and necessary to the judgment in the earlier action. *In re Held*, 734 F.2d 628, 629 (11th Cir.1984). In a dischargeability proceeding, collateral estoppel does not apply to the issue of dischargeability; rather, collateral estoppel resolves factual issues that would be evidence of dischargeability. *Halpern*, 810 F.2d at 1064. The bankruptcy court must "look to the entire record of the state proceeding, not just the judgment ..." to establish the factual issues decided by the state court. *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir.1986), *quoting Matter of Ross*, 602 F.2d 604, 608 (3d Cir.1979). Both parties agree the elements of collateral estoppel were met by the State Court proceedings. However, the Debtor asserts that the State Court judgment of $100,000.00 is not based on actual fraud, as required by § 523(a)(2)(A), because the verdict was general and does not refer to the fraud count, therefore, the debt created by the judgment is dischargeable.

This Court looks to the records of the State Court and the briefs submitted by the parties to determine the suitability of applying the doctrine of collateral estoppel. The Plaintiff's state court complaint contained a count of fraud requesting compensatory and punitive damages of $100,000.00. The two remaining counts for conversion and breach of contract each demanded $5,000.00 in damages. The Debtor himself put the propriety of the jury's award in question with his motion for remittitur and new trial. After reviewing the facts of the case, the State Court denied the Debtor's motion and found the verdict to be supported by the evidence. Looking to the Plaintiff's state court complaint, the only grounds for the jury's verdict of $100,000.00 is the second count for compensatory and punitive damages for fraud under § 6–5–101 of the Code of Alabama (1975).

■ Section 6–5–101 defines fraud as "misrepresentations of material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party...." Code of Alabama (1975). The State Court's verdict under § 6–5–101 bars this Court from relitigating factual issues of fraud in this dischargeability proceeding under the doctrine of collateral estoppel. *Halpern*, 810 F.2d 1061 (11th Cir.1987). To find a debt non-dischargeable for actual fraud under § 523(a)(2)(A), the creditor must show: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor reasonably relied on the representation; and the creditor sustained a loss as a result of the representation. *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). Having found the State Court's judgment to be based on factual findings of fraud for willful or reckless misrepresentation of material fact, this Court accepts the factual findings of fraud of the State Court verdict and finds the elements of § 523(a)(2)(A) to be met and the debt to be non-dischargeable.

Based on the foregoing, the Plaintiff's cross-motion for summary judgment to declare the State Court judgment non-dischargeable is due to be granted, and the

Debtor's motion for summary judgment is due to be denied.