**In re Lydia Alice HAMILTON, Debtor.**

**Estate of Harley M. Hamilton, Sr., Plaintiff**

**v.**

**Lydia Alice Hamilton, Defendant.**

**Bankruptcy No. 11–13605.**

**Adversary No. 11–1180.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Oct. 23, 2012.

914

Douglas R. Adelsperger, Skekloff, Adelsperger & Kleven, LLP, Sarah Mustard-Heil, Fort Wayne, IN, for Plaintiff.

John Thomas Sees, Marion, IN, for Defendant.

### DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

ROBERT E. GRANT, Chief Judge.

By this adversary proceeding, the court has been asked to declare that the debtor's obligation to the plaintiff is non-dischargeable, either as embezzlement or a willful and malicious injury, pursuant to § 523(a)(4) or § 523(a)(6) of the United States Bankruptcy Code. That debt is represented by a judgment the plaintiff re-

ceived from the Grant Superior Court. The plaintiff has filed a motion for summary judgment based upon the proposition that, through collateral estoppel, the findings from the state court obviate the need for further litigation over dischargeability. It is that motion, together with the defendant's response thereto, which is presently before the court.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr.P. Rule 7056(c); Fed. R.Civ.P. Rule 56(c). Thus, summary judgment is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■■■ Collateral estoppel, otherwise known as issue preclusion, "refers to the effect of a judgment in foreclosing litigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in [a prior] action." *LaSalle Nat'l Bank of Chicago v. County of DuPage*, 856 F.2d 925, 930 n. 2 (7th Cir.1988) (cert. denied 489 U.S. 1081, 109 S.Ct. 1536, 103 L.Ed.2d 840 (1989)). For the court to apply collateral estoppel in a dischargeability proceeding, the requisite elements of the dischargeability claim must have been decided by the state court. See, *In re Busick*, 264 B.R. 518, 522 (Bankr.N.D.Ind. 2001); *In re Staggs*, 178 B.R. 767, 773–74 (Bankr.N.D.Ind.1994) (discussing the elements of collateral estoppel). *See also, In re Krautheimer*, 210 B.R. 37, 52 (Bankr.

S.D.N.Y.1997). Thus, collateral estoppel "may be used in dischargeability actions where ... there has been a prior state court decision," but only "where the fact issues in the state and federal proceedings are 'substantially identical.'" *In re Halperin*, 215 B.R. 321, 335 (Bankr.E.D.N.Y. 1997). *See also Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). As the party asserting preclusion, the plaintiff is expected to identify the specific facts that were determined in the previous litigation and then to demonstrate how those facts compel a particular result in this action. *See, Reid v. State*, 719 N.E.2d 451, 456 (Ind.App.1999); *In re Busick*, 264 B.R. 518 (Bankr. N.D.Ind.2001); *Bicknell v. Stanley*, 118 B.R. 652, 664 (S.D.Ind.1990).

■■■ Both embezzlement under § 523(a)(4) and a willful and malicious injury under § 523(a)(6) require proof of intent on the part of the debtor. In the case of embezzlement, the plaintiff must prove that the debtor acted with fraudulent intent. *Matter of Weber*, 892 F.2d 534, 538 (7th Cir.1989) ("To prove embezzlement, the creditor must show ... that (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit."). In the case of a willful and malicious injury, the plaintiff must prove an intentional injury, not just an intentional act. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) ("nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury"). *See also, Jendusa–Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir.2012). So, as part of its summary judgment analysis the court must determine what findings the state court made concerning the debtor's intent.

The state court made no specific findings as to the debtor's intent, nor did it necessarily need to. What the state court did do was to put a label on the debtor's actions. It concluded that she exercised "undue influence" over her late husband, in connection with a number of bank and investment accounts that became payable to her upon his death, "such that his intent to keep his property separate from [hers] was overcome." Order of Grant Superior Court, dated Nov. 4, 2010, ¶ 10. That label—undue influence—has a particular meaning. In applying it to the debtor's actions the state court necessarily made the "findings" required to determine those actions were worthy of the name it gave them. Consequently, the court needs to examine the elements of undue influence under Indiana law to see if they satisfy the requirements for embezzlement or a willful and malicious injury under federal bankruptcy law.

 Undue influence is a species of constructive fraud under Indiana law.[1] *Blaising v. Mills*, 176 Ind.App. 141, 374 N.E.2d 1166, 1169 (1978). It does not require proof of any particular intent on the part of a defendant. Instead, all that may be necessary is proof of a relationship of confidence and trust or that someone's mental capacity has been diminished and a transaction between the parties which benefits the defendant. Once that has been done, undue influence may be presumed and the plaintiff can win, unless the defendant is able to prove that the transaction was voluntary and that no unfairness was used. *Blaising*, 374 N.E.2d at 1170. *See also, Estate of Banko*, 622 N.E.2d 476, 480 (Ind.1993) (under the NPTA plaintiff must

prove the intent of the decedent, not the survivor).

■ Since the state court's decision is not sufficient to support a finding here that the defendant acted with the intent necessary to except her debt to the plaintiff from discharge under either § 523(a)(4) or § 523(a)(6), Plaintiff's motion for summary judgment is DENIED.

---

1. Although § 523(a)(2) makes debts arising out of false pretenses, false representations or actual fraud non-dischargeable, it does not include constructive frauds. *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir.2000).